# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ZURICH RE (UK) LIMITED,        )
a foreign corporate entity,       )
                         )
          Plaintiff,       )
                         )
vs.                     )      Case No. 05-CV-257-GKF-SAJ
                         )
SEARS, ROEBUCK AND CO.,     )
a New York corporation,       )
                         )
         Defendant.     )

## OPINION AND ORDER

This matter comes before the Court on the Motion for Summary Judgment of defendant Sears, Roebuck and Co. ("Sears") [Document No. 42].

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.*

Sears seeks summary judgment on the following propositions – that defendant Zurich Re (UK) Limited ("Zurich") owes Sears the duty to defend against claims asserted by Angela Freeman ("Freeman"); and that Zurich is obligated to indemnify Sears in the state court action brought by

Freeman.

Upon review of the briefs and evidentiary materials submitted by the parties, this Court concludes that Sears' motion must be denied for at least two of the reasons more fully set forth in the Court's Order of January 24, 2008 [Document No. 129].  First, a genuine issue of material fact exists as to whether Sears' notice was so deficient or inadequate as to excuse Zurich's duty to defend.  The facts thus far presented to this Court do not support but a single inference on the issue of prejudice from lack of notice.  *First Bank of Turley v. Fidelity and Deposit Insurance Co. of Maryland*, 928 P.2d 298, 304 (Okla. 1996).  Second, the Court held that Zurich is entitled to a declaration that it had no duty to indemnify Sears on the contract and warranty claims pretried in the state court action.

**WHEREFORE**, the Motion for Summary Judgment of defendant Sears, Roebuck and Co. [Document No. 42] is denied.

**IT IS SO ORDERED** this 25th day of January 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma